CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MARIA GUIRACOCHA, BENJAMIN
PAREDES, HECTOR JAVIER SANTIAGO
LOPEZ, JOSE SANTIAGO HERNANDEZ,
SCARLET ALEXANDRA MORAN
FERNANDEZ, and DEISY LOPEZ GOMEZ,
*individually and on behalf of others similarly*
*situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| *Plaintiffs*, | |
| | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| -against- | |
| | **ECF Case** |

BUILDING SERVICES, INC. (D/B/A
BUILDING SERVICES, INC.), MICHAEL
GOMEZ, and GUADALUPE CASTILLO,

                                           *Defendants.*
  -------------------------------------------------------X

      Plaintiffs Maria Guiracocha, Benjamin Paredes, Hector Javier Santiago Lopez, Jose

Santiago Hernandez, Scarlet Alexandra Moran Fernandez, and Deisy Lopez Gomez , individually

and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their

attorneys, CSM Legal, P.C., upon their knowledge and belief, and as against Building Services,

Inc. (d/b/a Building Services, Inc.), ("Defendant Corporation"), Michael Gomez and Guadalupe

Castillo, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

      1.      Plaintiffs are former employees of Defendants Building Services, Inc. (d/b/a Building

Services, Inc.), Michael Gomez, and Guadalupe Castillo.

2.      Defendants own, operate, or control a janitorial/housekeeping service, with its principal New York offices located at 2 Park Avenue, Suite 2034, New York, NY 10016, and 741 Park Avenue, Huntington, New York 11743, under the name "Building Services, Inc."

3.      Upon information and belief, individual Defendants Michael Gomez and Guadalupe Castillo, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the janitorial/housekeeping service as a joint or unified enterprise.

4.      Plaintiffs were employed as housekeepers and, at all relevant times, primarily performed their housekeeping duties at SUNY Downstate Medical Center, located at 450 Clarkson Avenue Brooklyn, NY 11203.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that they worked.

6.      Furthermore, Defendants failed to pay Plaintiffs wages on a timely basis.

7.      In this regard, Defendants have failed to provide timely wages to Plaintiffs. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain a corporate office within this district, and Defendants operate a janitorial/housekeeping service located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

13.     Plaintiff Maria Guiracocha ("Plaintiff Guiracocha" or "Ms. Guiracocha") is an adult individual residing in Kings County, New York.

14.     Plaintiff Guiracocha was employed by Defendants at Building Services Inc. from approximately April 2021 until on or about March 22, 2022.

15.     Plaintiff Benjamin Paredes ("Plaintiff Paredes" or "Mr. Paredes") is an adult individual residing in Queens County, New York.

16.     Plaintiff Paredes was employed by Defendants at Building Services Inc. from approximately July 2018 until on or about October 6, 2021.

17.     Plaintiff Hector Javier Santiago Lopez ("Plaintiff Santiago" or "Mr. Santiago") is an adult individual residing in Queens County, New York.

18.     Plaintiff Santiago was employed by Defendants at Building Services Inc. from approximately April 6, 2020, until on or about March 23, 2022.

19.     Plaintiff Jose Santiago Hernandez ("Plaintiff Hernandez" or "Mr. Hernandez") is an adult individual residing in Queens County, New York.

20.     Plaintiff Hernandez was employed by Defendants at Building Services Inc. from approximately March 28, 2020, until on or about May 2022.

21.     Plaintiff Scarlet Alexandra Moran Fernandez ("Plaintiff Moran" or "Ms. Moran") is an adult individual residing in Kings County, New York.

22.     Plaintiff Moran was employed by Defendants at Building Services Inc. from approximately March 20, 2021, until on or about March 4, 2022.

23.     Plaintiff Deisy Lopez Gomez ("Plaintiff Lopez" or "Ms. Lopez") is an adult individual residing in Kings County, New York.

24.     Plaintiff Lopez was employed by Defendants at Building Services Inc. from approximately March 22, 2021, until on or about April 28, 2022.

*Defendants*

25.     At all relevant times, Defendants own, operate, or control a janitorial/housekeeping service, with its principal New York offices located at 2 Park Avenue, Suite 2034, New York, NY 10016 and 741 Park Avenue, Huntington, New York 11743, under the name "Building Services, Inc." However, at all relevant times, Plaintiffs primarily performed their housekeeping duties at SUNY Downstate Medical Center, located at 450 Clarkson Avenue Brooklyn, NY 11203.

26.     Upon information and belief, Building Services, Inc. (d/b/a Building Services, Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal New York offices at 2 Park Avenue, Suite 2034, New York, NY 10016 and 741 Park Avenue, Huntington, New York 11743.

27.     Defendant Michael Gomez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Gomez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Michael Gomez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Upon information and belief, Defendant Guadalupe Castillo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Guadalupe Castillo is sued individually in her capacity as a manager of Defendant Corporation. Upon information and belief, Defendant Guadalupe Castillo possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She establishes the schedules of the employees Defendants, including Plaintiffs, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate a janitorial/housekeeping service, which maintains its principal New York offices in Manhattan and Long Island.

30.     Individual Defendants, Michael Gomez and Guadalupe Castillo, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendant Michael Gomez operates Defendant Corporation as either an alter ego of himself and/or failed to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.     In each year from 2018 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the janitorial/housekeeping service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

39.     Plaintiffs are former employees of Defendants who were employed as housekeepers.

40.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Maria Guiracocha*

41.     Plaintiff Guiracocha was employed by Defendants from approximately April 2021 until on or about March 22, 2022.

42.     Defendants employed Plaintiff Guiracocha as a housekeeper.

43.     Plaintiff Guiracocha regularly handled goods in interstate commerce, such as a cleaning products and other supplies produced outside the State of New York.

44.     Plaintiff Guiracocha's work duties required neither discretion nor independent judgment.

45.     Throughout her employment with Defendants, Plaintiff Guiracocha regularly worked in excess of 40 hours per week.

46.     From approximately April 2021 until on or about March 22, 2022, Plaintiff Guiracocha worked 6 days per week for an average of approximately 49 hours per week.

47.     Throughout her employment, Defendants paid Plaintiff Guiracocha her wages by check. However, on one occasion, she was paid in cash because her paycheck had the incorrect amount.

48.     From approximately April 2021 until on or about March 22, 2022, Defendants paid Plaintiff Guiracocha $15.00 per hour.

49.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Guiracocha regarding overtime and wages under the FLSA and NYLL.

50.     Defendants did not provide Plaintiff Guiracocha an accurate statement of wages, as required by NYLL 195(3).

51.     In fact, Defendants often paid Plaintiff Guiracocha with separate checks for her weekly pay. In addition, Plaintiff Guiracocha was frequently paid late by Defendants.

52.     Defendants did not give any notice to Plaintiff Guiracocha, in English and in Spanish (Plaintiff Guiracocha's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Benjamin Paredes*

53.     Plaintiff Paredes was employed by Defendants from approximately July 2018 until on or about October 2021.

54.     At all relevant times, Defendants employed Plaintiff Paredes as a housekeeper and fumigator.

55.     Plaintiff Paredes regularly handled goods in interstate commerce, such as a cleaning products and other supplies produced outside the State of New York.

56.     Plaintiff Paredes's work duties required neither discretion nor independent judgment.

57.     Throughout his employment with Defendants, Plaintiff Paredes regularly worked in excess of 40 hours per week.

58.     From approximately March 2020 until on or about October 2021, Plaintiff Paredes worked 7 days per week for an average of approximately 56 hours per week.

59.     Throughout his employment, Defendants paid Plaintiff Paredes his wages by check.

60.     From approximately March 2020 until on or about October 2021, Defendants paid Plaintiff Paredes $15.00 per hour.

61.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Paredes regarding overtime and wages under the FLSA and NYLL.

62.     Defendants did not provide Plaintiff Paredes an accurate statement of wages, as required by NYLL 195(3).

63.     In fact, Defendants often paid Plaintiff Paredes with separate checks for his weekly pay. In addition, Plaintiff Paredes was frequently paid late by Defendants.

64.     Defendants did not give any notice to Plaintiff Paredes, in English and in Spanish (Plaintiff Paredes's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Hector Javier Santiago Lopez*

65.     Plaintiff Santiago was employed by Defendants from approximately April 6, 2020, until on or about March 23, 2022.

66.     Defendants employed Plaintiff Santiago as a housekeeper.

67.     Plaintiff Santiago regularly handled goods in interstate commerce, such as a cleaning products and other supplies produced outside the State of New York.

68.     Plaintiff Santiago's work duties required neither discretion nor independent judgment.

69.     Throughout his employment with Defendants, Plaintiff Santiago regularly worked in excess of 40 hours per week.

70.     From approximately April 6, 2020, until on or about September 5, 2020, and from approximately November 21, 2020, until on or about March 23, 2022, Plaintiff Santiago worked 7 days per week for an average of approximately 56 hours per week.

71.     Throughout his employment, Defendants paid Plaintiff Santiago his wages by check.

72.     From approximately April 6, 2020 until on or about March 23, 2022, Defendants paid Plaintiff Santiago $15.00 per hour.

73.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Santiago regarding overtime and wages under the FLSA and NYLL.

74.     Defendants did not provide Plaintiff Santiago an accurate statement of wages, as required by NYLL 195(3).

75.     In fact, Defendants often paid Plaintiff Santiago with separate checks for his weekly pay. In addition, Plaintiff Santiago was frequently paid late by Defendants.

76.     Defendants did not give any notice to Plaintiff Santiago of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jose Santiago Hernandez*

77.     Plaintiff Hernandez was employed by Defendants from approximately March 28, 2020, until on or about April 2022.

78.     Defendants employed Plaintiff Hernandez as a housekeeper.

79.     Plaintiff Hernandez regularly handled goods in interstate commerce, such as cleaning products and other supplies produced outside the State of New York.

80.     Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

81.     Throughout his employment with Defendants, Plaintiff Hernandez regularly worked in excess of 40 hours per week.

82.     From approximately March 28, 2020 until on or about November 2021, Plaintiff Hernandez worked 6-7 days per week for an average of approximately 49 hours per week.

83.     However, Plaintiff Hernandez did not work for approximately one month in late 2020 and approximately two weeks in April 2021 to recover from surgery.

84.     From approximately December 2021 until on or about April 2022, Plaintiff Hernandez worked 5 days per week for an average of approximately 40 hours per week.

85.     Throughout his employment, Defendants paid Plaintiff Hernandez his wages by check.

86.     From approximately March 28, 2020, until on or about April 2022, Defendants paid Plaintiff Hernandez $15.00 per hour.

87.     However, Plaintiff Hernandez was not paid for approximately 15 hours of work that he performed in September 2020.

88.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

89.     Defendants did not provide Plaintiff Hernandez an accurate statement of wages, as required by NYLL 195(3).

90.     In fact, Defendants often paid Plaintiff Hernandez with separate checks for his weekly pay. In addition, Plaintiff Hernandez was frequently paid late by Defendants.

91.     Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Scarlet Alexandra Moran Fernandez*

92.     Plaintiff Moran was employed by Defendants from approximately March 20, 2021, until on or about March 4, 2022.

93.     Defendants employed Plaintiff Moran as a housekeeper.

94.     Plaintiff Moran regularly handled goods in interstate commerce, such as a cleaning products and other supplies produced outside the State of New York.

95.     Plaintiff Moran's work duties required neither discretion nor independent judgment.

96.     Throughout her employment with Defendants, Plaintiff Moran regularly worked in excess of 40 hours per week.

97.     From approximately March 20, 2021, until on or about December 3, 2021, and from approximately January 18, 2022, until on or about March 4, 2022, Plaintiff Moran worked 6 days per week, for an average of approximately 46 hours per week.

98.     Throughout her employment, Defendants paid Plaintiff Moran her wages by check.

99.     From approximately March 20, 2021, until on or about March 4, 2022, Defendants paid Plaintiff Moran $15.00 per hour.

100.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Moran regarding overtime and wages under the FLSA and NYLL.

101.    Defendants did not provide Plaintiff Moran an accurate statement of wages, as required by NYLL 195(3).

102.    In fact, Defendants often paid Plaintiff Moran with separate checks for her weekly pay. In addition, Plaintiff Moran was frequently paid late by Defendants.

103.    Defendants did not give any notice to Plaintiff Moran, in English and in Spanish (Plaintiff Moran's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Deisy Lopez Gomez*

104.    Plaintiff Lopez was employed by Defendants from approximately March 22, 2021, until on or about April 28, 2022.

105.    Defendants employed Plaintiff Lopez as a housekeeper.

106.    Plaintiff Lopez regularly handled goods in interstate commerce, such as a cleaning/janitorial service and other supplies produced outside the State of New York.

107.     Plaintiff Lopez's work duties required neither discretion nor independent judgment.

108.     From approximately March 22, 2021 until on or about February 2022, Plaintiff Lopez worked 7 days per week, for an average of approximately 54 hours per week.

109.     From approximately March 2022 until on or about April 28, 2022, Plaintiff Lopez worked 5 days per week, for an average of approximately 40 hours per week.

110.     Throughout her employment, Defendants paid Plaintiff Lopez her wages by check.

111.     From approximately March 22, 2021 until on or about April 28, 2022, Defendants paid Plaintiff Lopez $15.00 per hour.

112.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

113.     Defendants did not provide Plaintiff Lopez an accurate statement of wages, as required by NYLL 195(3).

114.     In fact, Defendants often paid Plaintiff Lopez with separate checks for her weekly pay. In addition, Plaintiff Lopez was frequently paid late by Defendants.

115.     Defendants did not give any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

116.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate overtime compensation as required by federal and state laws.

117.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

118.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

119.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

120.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

121.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

122.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

123.    Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

124.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

125.     Plaintiffs bring their FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

126.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

127.     The claims of Plaintiffs stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

128.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129.    At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

130.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

131.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

132.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

133.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

134.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

135.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

136.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

137.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

138.    Plaintiffs were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

139.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

140.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

141.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

142.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

143.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

144.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

145.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

146.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

147.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e)      Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(i)      Awarding Plaintiff liquated damages in an amount equal to one hundred percent

(100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(l)      Awarding Plaintiffs damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable;

(m)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)      Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)       Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

December 12, 2022

CSM LEGAL, P.C

By:           /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

March 24, 2022

BY HAND


TO:     Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**


Name / Nombre:                          Maria Guiracocha

Legal Representative / Abogado:          CSM Legal, P.C.

Signature / Firma:                       _Maria Guiracocha_

Date / Fecha:                            24 de Marzo 2022


*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
—————

catalina@csmlegal.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

April 27, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Benjamin Paredes

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                      27 de Abril 2022

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

March 24, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Hector Javier Santiago Lopez

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     24 de marzo 2022

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

BY HAND                                                         April 6, 2022

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:               Jose Santiago Hernandez

Legal Representative / Abogado:     CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                 5 de Abril 2022

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

March 24, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Scarlet Alexandra Moran Fernandez

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:                _____

Date / Fecha:                     24 de marzo 2022

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

March 30, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Deisy Lopez Gomez

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     30 de marzo 2022

*Certified as a minority-owned business in the State of New York*